IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv270

| | |
|---|---|
| SIR TRAVIS GEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| (FNU) BOYLES, Captain at the ) | |
| Avery-Mitchell Correctional ) | |
| Institution;[1] ) | |
| (FNU) HUDLEY, Sergeant at the ) | |
| AMCI; and ) | |
| (FNU) FOX, Correctional Officer ) | |
| at the AMCI, ) | |
| ) | |
| Defendants.[2] ) | |
| ) | |

**THIS MATTER** comes before the Court upon Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

By his Complaint, Plaintiff alleges that Defendants Hudley and Fox subjected him to excessive force on an occasion; and that all three Defendants were deliberately indifferent to his resulting serious medical needs. (Id. at 3-7). After a careful review of these matters, the Court finds that Defendants should be required to file a response to Plaintiff's allegations.

---

[1] The Avery-Mitchell Correctional Institution hereafter will be referred to as the "AMCI."

[2] The caption of Plaintiff's Complaint also lists the North Carolina Department of Corrections and the AMCI as defendants. (Doc. No. 1 at 1). However, despite the fact that the Complaint form expressly admonished Plaintiff that "a person must be identified in [the portion of the form reserved for naming the defendants] in order to be considered and served as a defendant," he failed to mention these two entities anywhere other than in the Complaint's caption. (Id.). Therefore, the Clerk of Court deleted these proposed defendants from this action. Apart from the Clerk's observations, the Court has carefully reviewed Plaintiff's Complaint and concluded that the North Carolina Department of Corrections and the AMCI also would not have qualified as "persons" for the purposes of this action because Plaintiff seeks only monetary damages as relief. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that for § 1983 purposes, a state, its agencies and its officials sued for damages in their official capacities do not qualify as "persons"). Therefore, the State Department of Corrections and the AMCI properly have been excluded from this action.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk shall prepare process for Defendants Boyles, Hudley and Fox and deliver same to the U.S. Marshal;

2. The U.S. Marshal shall serve Defendants with process; and

3. Defendants shall file a response to Plaintiff's allegations in accordance with the Federal Rules of Civil procedure.

Signed: December 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge