# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:10cv270

| | |
|---|---|
| SIR TRAVIS GEE, | ) |
| Plaintiff, | ) |
| v. | ) |
| (FNU) BOYLES, et al., | ) ORDER |
| Defendants. | ) |

**THIS MATTER** is before the Court upon the following motions:

(1) Plaintiff's Motion to Amend (Doc. No. 5);

(2) Defendants' Motion for Enlargement of Time (Doc. No. 10);

(3) Defendant's Motion for Leave to File the Answer Instanter (Doc. No. 11); and

(4) Plaintiff's combined Motion to Deny Defendants' Motion to Dismiss and to Order Discovery. (Doc. No. 12).

Pertinent to the instant motions, on November 18, 2010, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants Hudley and Fox subjected him to excessive force on an occasion; and that all three Defendants were deliberately indifferent to his resulting serious medical needs. (Doc. No. 1 at 3-7). On December 1, 2010, the Court entered an Order directing that Defendants respond to Plaintiff's Complaint. (Doc. No. 3).

On December 7, 2010, Plaintiff filed the subject Motion to Amend (Doc. No. 5) seeking permission to amend his Complaint to allege a claim of supervisory liability against Defendant Boyles and to indicate that Defendants are being sued in their individual and official capacities. (Id. at 1-2). Under the Federal Rules of Civil Procedure, a party is entitled to amend his pleading once

as a matter of course, when such amendment is filed within 21 days of either service of the defendants' response or their motion under Rule 12(b), (e) or (f), whichever is earlier. Rule 15(a)(1)(A), Fed. R. Civ. P. Inasmuch as Defendants had not served their response at the time that Plaintiff filed his Motion to Amend, Plaintiff's Complaint will be amended as a matter of course, and his Motion to Amend will be dismissed as moot.

On January 20, 2011, Defendants filed an out of time Motion for Enlargement of Time due to excusable neglect under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. (Doc. No. 10). According to that Motion, counsel for Defendants asserts that the time for Defendants to file their answer expired on December 27, 2010; that Defendants' case was assigned to counsel on December 7, 2010; that although counsel checked the Court's docket on December 13, 2010, he failed to realize that Defendants already were served with process on December 3, 2010; and that due to the substantial increase in his workload, he did not detect his oversight until January 20, 2011. (Id. at 2). Counsel further asserts Plaintiff has not filed a motion for default and a Judgment of Default has been entered in the case; and that Plaintiff will not be prejudiced by the granting of the Motion, but Defendants will be prejudiced if the Motion is denied.

On January 26, 2011, Defendants filed a Motion for Leave to File the Answer Instanter, also pursuant to Rule 6(b)(1)(B). (Doc. No. 11). Such Motion relies upon the reasons articulated in Defendants' Motion for Enlargement of Time. (Id. at 1). Also, Defendants' Motion attaches their proposed Answer as an exhibit. (Doc. No. 11-1).

Pursuant to the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The term "excusable neglect" under Rule 6(b) is a "somewhat elastic concept and is not limited strictly

to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392 (1993). In determining whether neglect is excusable, the Court must take into account all of the relevant circumstances surrounding the party's omission, including, "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395. The most important of the factors identified in Pioneer is the reason for the movant's delay. Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996).

Here, Defendants filed their Motion for Leave to File the Answer Instanter along with their proposed Answer on January 26, 2011. Such filing was made thirty days after the expiration of Defendants' filing deadline of December 27, 2010; therefore, the delay was not extensive. Moreover, the delay has had very little impact on the instant proceedings because for twelve of the subject thirty days, the Court was closed for weekends, holidays, and inclement weather. Furthermore, the Court has no reason to conclude that Plaintiff will be prejudiced by this delay. Thus, these factors favor Defendants. However, while the reason for the delay is understandable, those circumstances were entirely within the reasonable control of counsel. Therefore, this factor disfavors Defendants. Last, there is no evidence that counsel has not acted in good faith; accordingly, this final factor favors Defendants. Furthermore, Plaintiff is seeking more than one million dollars in damages from Defendants for their alleged civil rights violations (Doc. No. 1 at 3-7 and Doc. No. 5 at 1-2). Therefore, the Court finds that Defendants' response to Plaintiff's allegations could assist the Court in evaluating these matters.

Ultimately, for good cause shown and in the interests of justice, the Court will grant Defendants' Motion for Leave to File the Answer Instanter (Doc. No. 11), and will dismiss their

Motion for Enlargement of Time (Doc. No. 10) as moot. Furthermore, the Clerk will be directed to docket Defendants' Answer as having been filed on January 26, 2011.

Finally, on February 9, 2011, Plaintiff filed a combined Motion to Deny Defendants' Motion to Dismiss and to Order Discovery. (Doc. No. 12). However, Defendants have not filed a motion to dismiss this action. Nor has Plaintiff certified to the Court that its intervention is necessary because Plaintiff has been unsuccessful in his own good faith efforts to engage in discovery with Defendants. Rule 37(a)(3)(B), Fed. R. Civ. P. (permitting a party to file a motion to compel his opponent to comply with his discovery requests under certain circumstances). Therefore, Plaintiff's Motion to Deny Defendants' Motion to Dismiss and to Order Discovery will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Amend (Doc. No. 5) is **DENIED as moot**;

2. Defendants' Motion for Enlargement of Time (Doc. No. 10) is **DENIED as moot**;

3. Defendant's Motion for Leave to File the Answer Instanter (Doc. No. 11) is **GRANTED**;

4. The Clerk shall docket Defendants' Answer (Doc. No. 11-1) as having been filed on January 26, 2011;

5. Plaintiff's combined Motion to Deny Defendants' Motion to Dismiss and to Order Discovery (Doc. No. 12) is **DENIED;** and

6. Within twenty days of the entry of this Order, counsel for Defendants shall file a response to Plaintiff's additional allegations of supervisory liability against Defendant Boyles.

**SO ORDERED.**

Signed: February 11, 2011

Robert J. Conrad, Jr.
Chief United States District Judge